Exhibit 6

Declaration of Clara Ann McLaughlin (District of Columbia)

## DECLARATION OF CLARA ANN MCLAUGHLIN

I, **Clara Ann McLaughlin** declare as follows:

1. I am over the age of eighteen and make this declaration based on personal knowledge and information provided to me in my official capacity. If called as a witness, I could and would testify competently to the matters set forth below.

2. I am currently employed by the District of Columbia Department of Health (DC DOH) as **Chief of the Office of Grants Management.**

3. DC DOH is responsible for promoting health, wellness and equity, across the District, and protecting the safety of residents, visitors and those doing business in our nation's Capital.

4. As **Chief of the Office of Grants Management** my duties include oversight of grants management policy and procedures for managing federal and private grants received by DC DOH and the process for competing and issuing subgrants. For federal awards I am the designated Authorized Organizational Representative on notices of awards, acting as the person responsible for executing the terms and monitoring compliance. Additionally, donation management comes under my purview.

### Federal Contracting Activities of DC DOH

5. DC DOH currently supplies services to the federal government under procurement contracts with federal agencies.

6. DC DOH is the recipient of four federal contracts:

   a. Vital Statistics Cooperative Agreement (VSCS) issued by the Center for Disease Control (CDC);

b. Electronic Death Registration (EDR) issued by the Social Security Administration (SSA);

c. Enumeration at Birth (EAB) issued by the SSA; and

d. Pest Control Service by the National Park Service (NPS).

7. The total value of the contracts is over $4 million.

8. DC DOH intends and expects to renew or extend these four contracts in the future.

9. The SSA and CDC contracts facilitate a cooperative exchange of vital records data between DOH and national partners. The NPS contract expands rat abatement services for District of Columbia properties to high-need federal property in three locations: the National Mall and Memorial Parks, Rock Creek Park and National Capitol Parks East.

**Executive Order 14398**

10. I understand that on March 26, 2026, President Trump issued Executive Order 14398, Addressing DEI Discrimination by Federal Contractors, 91 Fed. Reg. 16,147 (Mar. 26, 2026). The order directs federal agencies to include terms in all their contracts barring contractors from "engag[ing] in any racially discriminatory DEI activities," defined as "disparate treatment based on race or ethnicity in the recruitment, employment . . . , contracting . . . , program participation, or allocation or deployment of an entity's resources." Under the terms, contractors or subcontractors not in compliance with this prohibition may be subject to contract cancellation and debarment from future contracts. The terms also require contractors to "furnish all information and reports, including providing access to books, records, and accounts" for purposes of ascertaining compliance. The terms state, "The contractor recognizes that

compliance with the requirements of this clause are material to the Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code (False Claims Act)."

11. I understand that on or about April 20, 2026, the Federal Acquisition Regulatory Council (FAR Council) issued a memorandum to agency procurement officers with instructions on how to implement Executive Order 14398. The memorandum directs agencies to issue class deviations under Federal Acquisition Regulation (FAR) subpart 1.4 to incorporate the contract terms and other requirements of Executive Order 14398. The memorandum further directs agencies to start using the contract terms prescribed by Executive Order 14398 in new contracts by April 24, 2026, and to seek to modify existing contracts with the contract terms prescribed by Executive Order 14398 by July 24, 2026. These new terms are numbered FAR 52.222-90, Addressing DEI Discrimination by Federal Contractors, though they have not yet been officially incorporated into the Federal Acquisition Regulation. The memorandum directs that, "If a contractor refuses to agree to a bilateral modification, the contracting officer should consider whether, absent the modification, the contract no longer meets the agency's needs and should therefore be terminated for convenience."

12. I understand that many federal agencies have issued class deviations to implement Executive Order 14398. Through these class deviations, the agencies have directed contracting officers to use the terms prescribed by Executive Order 14398, including the clause found at FAR 52.222-90, Addressing DEI Discrimination by Federal Contractors.

13. In light of Executive Order 14398, the FAR Council memorandum, and the class deviations described above, I understand that all DC DOH federal contracts and subcontracts will be made subject to the Executive Order's terms, or have been already, and thus DC DOH will be required to agree to the contract terms or risk losing the contracts or contracting opportunities.

14. DC DOH has already been asked to sign or assure compliance with the new contract terms prescribed by Executive Order 14398. For example, on or about May 27, 2026, DC DOH received revised terms via an email to the Environmental Health Administration's Rodent and Vector Control Division that require to comply with federal anti-DEI policies and to insert a clause into all subcontracts requiring compliance with all anti-DEI policies.

15. Notwithstanding the concerns described below, DC DOH has agreed to the new contract terms prescribed by Executive Order 14398 for the contract described above, even though the federal government has not provided a clear explanation of what, if anything, the terms require from contractors beyond compliance with existing federal antidiscrimination law.

**Executive Order 14398's Costs, Burdens, and Harms**

16. I am concerned about Executive Order 14398's prohibition of "racially discriminatory DEI activities" because it is unclear. The order and the contract terms adopted to implement the order define "racially discriminatory DEI activities" to mean "disparate treatment based on race or ethnicity in the recruitment, employment (e.g., hiring, promotions), contracting (e.g., vendor agreements), program participation, or allocation or deployment of an entity's resources." The Executive Order in turn defines "program participation" to mean "membership or participation in, or access or admission to: training, mentoring, or leadership development programs; educational opportunities; clubs; associations; or similar opportunities that are sponsored or established by the contractor or subcontractor."

17. Other federal and state laws applicable to DC DOH and other contract terms prescribed by the federal government in the past have previously addressed the subject of racial discrimination. The new Executive Order and the federal agency actions implementing it do not explain how the new contract terms relate to those earlier laws and contract terms, nor do they

explain whether the Executive Order imposes requirements that are different from those earlier laws and contract terms.

18. As a result, the inclusion of the new terms in our agency's federal contracts creates uncertainty and additional costs associated with ensuring compliance. The new terms do not provide sufficient guidance as to what particular activities are prohibited. This increases the risk of confusion and unfairness in implementation by, and enforcement against, DC DOH. It also makes it more difficult and burdensome to comply with the records-access requirements of the new terms, as the scope of that access is not well-defined.

19. The lack of clarity in Executive Order 14398 and the associated contract terms is especially harmful given that the Executive Order directs federal agencies to "cancel, terminate, suspend, or cause to be cancelled, terminated, or suspended" any contract for the contractor or subcontractor's noncompliance.

20. The contract term under which the contractor "recognizes that compliance with the requirements of this clause [is] material to the Government's payment decisions for purposes of" the False Claims Act is harmful because it threatens lawsuits under the False Claims Act. The District would face costs associated with defending lawsuits under the False Claims Act even if they were to prevail in those lawsuits. This would divert time and resources away from the work of the DC DOH.

**Executive Order 14398's Procedural Harms**

21. The FAR Council memorandum explains that the FAR Council "intends to conduct rulemaking pursuant to the notice and comment process set forth at 41 U.S.C. 1707" to amend the FAR. But the FAR Council memorandum also directed federal agencies to implement the Executive Order before this rulemaking was completed.

22. Because the FAR Council and other federal agencies began implementation of the Executive Order without the required process, DC DOH has had no opportunity to share its concerns regarding the new terms, including the uncertainty and burdens they cause. Nor does DC DOH have the benefit of federal agencies' responses to public comments, which might have helped clarify the meaning of the new terms. The harms caused by Executive Order 14398 could have been mitigated, and perhaps avoided altogether, had the new terms been issued pursuant to lawful procedures.

23. As another example, the FAR Council memorandum explains the FAR Council "is seeking clearance from the Office of Management and Budget (OMB) under the Paperwork Reduction Act of 1995 (PRA) for the information collections related to FAR clause 52.222-90." The guidance provides that "agencies will be expected to enforce full compliance with these requirements" once OMB approves the information collection under the PRA, but does not address whether federal agencies may enforce compliance before that time, and in any event requires the immediate insertion of the new contract terms in new and existing contracts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 16, 2026, in Washington, D.C.

[Clara Ann McLaughlin]