Exhibit 15

Declaration of LeAnn Behrens (New Mexico)

## DECLARATION OF LEANN BEHRENS

I, LeAnn Behrens, declare as follows:

1. I am Deputy Cabinet Secretary and Chief Operations Officer of the New Mexico Department of Health. I make this declaration based on personal knowledge and information provided to me in my official capacity. If called as a witness, I could and would testify competently to the matters set forth below.

### Professional and Agency Background

2. I am currently employed by the New Mexico Department of Health as Deputy Cabinet Secretary – Chief Operations Officer.

3. New Mexico Department of Health is responsible for safeguarding public health in New Mexico.

4. As Deputy Cabinet Secretary and Chief Operations Officer, my duties include oversight of all agency-wide operations: financial accounting, general accounting, budget, procurement and contracts, grants management, IT, human resources, training and workforce development, policy and performance improvement, marketing and communications.

5. Prior to my most recent employment with New Mexico Department of Health, I was the Western Region Medicaid President for Anthem Health Care where I worked for over twenty years. I oversaw Medicaid contracts in seven states: Texas, Nebraska, Kansas, California, Nevada, Colorado, and Washington. I managed dual eligibles for both Medicaid and Medicare in Texas and California where I oversaw both state and federal contracts. I also worked with Oklahoma, New Mexico, Arizona, Utah, Alaska, and Hawaii on business development opportunities for their Medicaid business. Prior to Anthem I worked in a non-profit sexual assault center that received significant federal funding through the Violence Against Women's federal grant program. I worked in this program for over ten years.

**Federal Contracting Activities of the New Mexico Department of Health**

6. The New Mexico Department of Health supplies goods and services to the federal government under procurement contracts with the Social Security Administration.

7. The New Mexico Department of Health is presently a party to contracts with the Social Security Administration for Electronic Death Registration and Enumeration at Birth. In part, these contracts ensure proper disbursement of survivor and dependent benefits, support provision of newborn Social Security Numbers, and support reduction of waste, fraud, and abuse through removal of decedents from Social Security rolls.

**Executive Order 14398**

8. I understand that on March 26, 2026, President Trump issued Executive Order 14398, Addressing DEI Discrimination by Federal Contractors, 91 Fed. Reg. 16,147 (Mar. 26, 2026). The order directs federal agencies to include terms in all their contracts barring contractors from "engag[ing] in any racially discriminatory DEI activities," defined as "disparate treatment based on race or ethnicity in the recruitment, employment . . . , contracting . . . , program participation, or allocation or deployment of an entity's resources." Under the terms, contractors or subcontractors not in compliance with this prohibition may be subject to contract cancellation and debarment from future contracts. The terms also require contractors to "furnish all information and reports, including providing access to books, records, and accounts" for purposes of ascertaining compliance. The terms state, "The contractor recognizes that compliance with the requirements of this clause are material to the Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code (False Claims Act)."

9. I understand that on or about April 20, 2026, the FAR Council issued a memorandum to agency procurement officers with instructions on how to implement Executive

Order 14398. The memorandum directs agencies to issue class deviations under FAR subpart 1.4 to incorporate the contract terms and other requirements of Executive Order 14398. The memorandum further directs agencies to start using the contract terms prescribed by Executive Order 14398 in new contracts by April 24, 2026, and to seek to modify existing contracts with the contract terms prescribed by Executive Order 14398 by July 24, 2026. These new terms are numbered FAR 52.222-90, Addressing DEI Discrimination by Federal Contractors, though they have not yet been officially incorporated into the Federal Acquisition Regulation. The memorandum directs that, "If a contractor refuses to agree to a bilateral modification, the contracting officer should consider whether, absent the modification, the contract no longer meets the agency's needs and should therefore be terminated for convenience."

10. I understand that many federal agencies have issued class deviations to implement Executive Order 14398. Through these class deviations, the agencies have directed contracting officers to use the terms prescribed by Executive Order 14398, including the clause found at FAR 52.222-90, Addressing DEI Discrimination by Federal Contractors.

11. In light of Executive Order 14398, the FAR Council memorandum, and the class deviations described above, I expect that all New Mexico Department of Health federal contracts will be made subject to the order's terms in the immediate future, and thus the New Mexico Department of Health will be required to agree to the contract term or risk losing the contracts or contracting opportunities.

## Executive Order 14398's Costs, Burdens, and Harms

12. I am deeply concerned that the contract terms prescribed by Executive Order 14398, if included in our agency's federal contracts, will lead to significant uncertainty and create substantial risk of costs, burdens, and harms for the residents of New Mexico.

13. Executive Order 14398's prohibition of "racially discriminatory DEI activities" is unclear. The order and the contract terms adopted to implement the order define "racially discriminatory DEI activities" to mean "disparate treatment based on race or ethnicity in the recruitment, employment (e.g., hiring, promotions), contracting (e.g., vendor agreements), program participation, or allocation or deployment of an entity's resources." The order in turn defines "program participation" to mean "membership or participation in, or access or admission to: training, mentoring, or leadership development programs; educational opportunities; clubs; associations; or similar opportunities that are sponsored or established by the contractor or subcontractor."

14. Other federal and state laws applicable to the New Mexico Department of Health and other contract terms prescribed by the federal government in the past have previously addressed the subject of racial discrimination. The new Executive Order and the agency actions implementing it do not explain how the new contract terms relate to those earlier laws and contract terms, nor do they explain whether the Executive Order imposes requirements that are different from those earlier laws and contract terms.

15. As a result, the inclusion of the new terms in our agency's federal contracts would create significant uncertainty going forward. This uncertainty may create additional costs associated with ensuring compliance. Additionally, it is unclear how the contracts with the Social Security Administration for Electronic Death Registration and Enumeration at Birth are impacted by the Executive Order and what New Mexico obligations are, if any, related to them. This has caused the New Mexico Department of Health further uncertainty.

16. The lack of clarity in Executive Order 14398 and the associated contract terms is especially harmful given that the Executive Order directs federal agencies to "cancel, terminate,

suspend, or cause to be cancelled, terminated, or suspended" any contract for the contractor or subcontractor's noncompliance—especially because the prohibition of "racially discriminatory DEI activities" is unclear as explained above—would create substantial risk should the New Mexico Department of Health agree to the new terms. For contracts with the Social Security Administration, termination would result in delays or absence of Social Security Numbers provided to all newborns around the time of birth and restrict transmittal or processing of decedent records necessary for ensuring descendant benefits and cleaning up Social Security roles. Should the expectation be that New Mexico continue providing this information without contract, it would open the department to significant costs to provide information without contractual payments we currently receive.

17. Executive Order 14398's requirement that federal agencies "take appropriate action to suspend and debar" contractors or subcontractors for noncompliance—especially because the prohibition of "racially discriminatory DEI activities" is unclear as explained above— would create substantial risk associated with such unprecedented penalties, should the New Mexico Department of Health agree to the new terms. In case of debarment, the New Mexico Department of Health would face significant financial and legal risk, for existing and future contracts that exist to comply with federal statutes and regulations.

18. The contract term under which the contractor "recognizes that compliance with the requirements of this clause are material to the Government's payment decisions for purposes of" the False Claims Act is harmful because it threatens lawsuits under the False Claims Act. States would face costs associated with defending lawsuits under the False Claims Act even if they were to prevail in those lawsuits. This would lead to time and resource costs to both New

Mexico Department of Health and New Mexico Department of Justice, taking away from the vital functions of both agencies in protecting and serving the citizens of New Mexico.

**Executive Order 14398's Procedural Harms**

19. The FAR Council guidance explains that the FAR Council "intends to conduct rulemaking pursuant to the notice and comment process set forth at 41 U.S.C. 1707" to amend the Federal Acquisition Regulation (FAR). But the FAR Council guidance also directed federal agencies to implement the Executive Order before this rulemaking was completed.

20. Because the FAR Council and other federal agencies began implementation of the Executive Order without the required process, the New Mexico Department of Health has had no opportunity to share its concerns regarding the new terms, including the significant uncertainty and substantial costs, burdens, and harms they cause. Nor does the New Mexico Department of Health have the benefit of federal agencies' responses to public comments, which might have helped clarify the meaning of the new terms. The significant uncertainty and substantial costs, burdens, and harms caused by Executive Order 14398 could have been mitigated, and perhaps avoided altogether, had the new terms been issued pursuant to lawful procedures. If the new terms had been issued pursuant to the lawful procedures, federal agencies would also have had the benefit of perspectives and opinions as to whether contracts like those with the Social Security Administration for Electronic Death Registration and Enumeration at Birth should have been included in the Executive Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on 7/14/26, at Santa Fe, New Mexico.

LeAnn Behrens

Deputy Cabinet Secretary

New Mexico Department of Health