Exhibit 22

Declaration of Aileen Switzer (Wisconsin)

## DECLARATION OF AILEEN SWITZER

I, Aileen Switzer, pursuant to 28 U.S.C. §1746 declare as follows:

1. I am the Deputy Secretary for the Wisconsin Department of Agriculture, Trade and Consumer Protection (Department). I make this declaration based on personal knowledge and information provided to me in my official capacity. If called as a witness, I could and would testify competently to the matters set forth below.

### **Professional and Agency Background**

2. I am currently employed by the Department as the Deputy Secretary.

3. The Department is an agency of the State. *See* Wis. Stat. § 15.13. The Department has broad authority related to agricultural development, agricultural resource management, food and recreational safety, and trade and consumer protection.

4. As Deputy Secretary, my duties include signing grant applications and contracts, contracts to obtain or provide goods and services, and interagency agreements, in accordance with Department Policy 104, Signature Authority – Agreements and Contracts.

### **Federal Contracting Activities of the Wisconsin Department of Agriculture, Trade and Consumer Protection**

5. The State of Wisconsin, through its agencies and instrumentalities ("Wisconsin"), regularly and routinely supplies services to the federal government under procurement contracts with federal agencies. Wisconsin also sometimes supplies services as a subcontractor on procurement contracts with federal agencies.

6. Wisconsin regularly and routinely seeks opportunities for new federal contract work. For example, under the Human Food Inspection Contract Program between Wisconsin and the U.S. Food and Drug Administration, inspections are performed at select food manufacturers (including manufacturers of dairy foods) to determine their compliance with

applicable law. Wisconsin also conducts Country of Origin Labeling reviews on behalf of the U.S. Department of Agriculture.

7. In all, the Wisconsin Department of Agriculture, Trade and Consumer Protection has two ongoing contracts with two different federal agencies for approximately $46,600 and $252,661 annually. The Wisconsin Department of Agriculture, Trade and Consumer Protection typically renews the contracts for a five-year period with annual options to continue work.

**Executive Order 14398**

8. I understand that on March 26, 2026, President Trump issued Executive Order 14398, Addressing DEI Discrimination by Federal Contractors, 91 Fed. Reg. 16,147 (Mar. 26, 2026). The order directs federal agencies to include terms in all their contracts barring contractors from "engag[ing] in any racially discriminatory DEI activities," defined as "disparate treatment based on race or ethnicity in the recruitment, employment . . . , contracting . . . , program participation, or allocation or deployment of an entity's resources." Under the terms, contractors or subcontractors not in compliance with this prohibition may be subject to contract cancellation and debarment from future contracts. The terms also require contractors to "furnish all information and reports, including providing access to books, records, and accounts" for purposes of ascertaining compliance. The terms state, "The contractor recognizes that compliance with the requirements of this clause are material to the Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code (False Claims Act)."

9. I understand that on or about April 20, 2026, the FAR Council issued a memorandum to agency procurement officers with instructions on how to implement Executive Order 14398. The memorandum directs agencies to issue class deviations under FAR subpart 1.4 to incorporate the contract terms and other requirements of Executive Order 14398. The

memorandum further directs agencies to start using the contract terms prescribed by Executive Order 14398 in new contracts by April 24, 2026, and to seek to modify existing contracts with the contract terms prescribed by Executive Order 14398 by July 24, 2026. These new terms are numbered FAR 52.222-90, Addressing DEI Discrimination by Federal Contractors, though they have not yet been officially incorporated into the Federal Acquisition Regulation. The memorandum directs that, "If a contractor refuses to agree to a bilateral modification, the contracting officer should consider whether, absent the modification, the contract no longer meets the agency's needs and should therefore be terminated for convenience."

10. I understand that many federal agencies have issued class deviations to implement Executive Order 14398. Through these class deviations, the agencies have directed contracting officers to use the terms prescribed by Executive Order 14398, including the clause found at FAR 52.222-90, Addressing DEI Discrimination by Federal Contractors.

11. In light of Executive Order 14398, the FAR Council memorandum, and the class deviations described above, I expect that all of Wisconsin's federal contracts and subcontracts will be made subject to the order's terms in the immediate future, and thus Wisconsin will be required to agree to the contract term or risk losing the contracts or contracting opportunities.

## Executive Order 14398's Costs, Burdens, and Harms

12. The contract terms prescribed by Executive Order 14398, if included in our agency's federal contracts, would lead to significant uncertainty and may create substantial costs, burdens, and harms for Wisconsin.

13. Executive Order 14398's prohibition of "racially discriminatory DEI activities" is unclear. The order and the contract terms adopted to implement the order define "racially discriminatory DEI activities" to mean "disparate treatment based on race or ethnicity in the

recruitment, employment (e.g., hiring, promotions), contracting (e.g., vendor agreements), program participation, or allocation or deployment of an entity's resources." The order in turn defines "program participation" to mean "membership or participation in, or access or admission to: training, mentoring, or leadership development programs; educational opportunities; clubs; associations; or similar opportunities that are sponsored or established by the contractor or subcontractor."

14. Other federal and state laws applicable to Wisconsin and other contract terms prescribed by the federal government in the past have previously addressed the subject of racial discrimination. Although Wisconsin interprets the new Executive Order and the agency actions implementing it to forbid only activities that are illegal under existing anti-discrimination laws, they do not explain how the new contract terms relate to those earlier laws and contract terms, nor do they explain whether the Executive Order imposes requirements that are different from those earlier laws and contract terms.

15. As a result, the inclusion of the new terms in Wisconsin's federal contracts would create significant uncertainty going forward. This uncertainty may create additional costs associated with ensuring compliance

16. The lack of clarity in Executive Order 14398 and the associated contract terms is especially harmful given that the Executive Order directs federal agencies to "cancel, terminate, suspend, or cause to be cancelled, terminated, or suspended" any contract for the contractor or subcontractor's noncompliance—especially because the prohibition of "racially discriminatory DEI activities" is unclear as explained above—would create substantial risk should Wisconsin agree to the new terms.

17. Executive Order 14398's requirement that federal agencies "take appropriate action to suspend and debar" contractors or subcontractors for noncompliance—especially because the prohibition of "racially discriminatory DEI activities" is unclear as explained above— would create substantial risk associated with such unprecedented penalties, should Wisconsin agree to the new terms.

18. The contract term under which the contractor "recognizes that compliance with the requirements of this clause are material to the Government's payment decisions for purposes of" the False Claims Act is harmful because it threatens lawsuits under the False Claims Act. States would face costs associated with defending lawsuits under the False Claims Act even if they were to prevail in those lawsuits.

**Executive Order 14398's Procedural Harms**

19. The FAR Council guidance explains that the FAR Council "intends to conduct rulemaking pursuant to the notice and comment process set forth at 41 U.S.C. 1707" to amend the Federal Acquisition Regulation (FAR). But the FAR Council guidance also directed federal agencies to implement the Executive Order before this rulemaking was completed.

20. Because the FAR Council and other federal agencies began implementation of the Executive Order without the required process, Wisconsin has had no opportunity to share its concerns regarding the new terms, including the significant uncertainty and potential substantial costs, burdens, and harms they cause. Nor does Wisconsin have the benefit of federal agencies' responses to public comments, which might have helped clarify the meaning of the new terms. The significant uncertainty and substantial costs, burdens, and harms caused by Executive Order 14398 could have been mitigated, and perhaps avoided altogether, had the new terms been issued pursuant to lawful procedures.

21. As another example, the FAR Council guidance explains the FAR Council "is seeking clearance from the Office of Management and Budget (OMB) under the Paperwork Reduction Act of 1995 (PRA) for the information collections related to FAR clause 52.222-90." The guidance provides that "agencies will be expected to enforce full compliance with these requirements" once OMB approves the information collection under the PRA, but does not address whether agencies may enforce compliance before that time, and in any event requires the immediate insertion of the new contract terms in new and existing contracts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 17, 2026, at Madison, Wisconsin

Aileen Switzer

Aileen Switzer