**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **STATE OF MARYLAND, et al.,** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civ. No.: MJM-26-2322** |
| **PETE HEGSETH, Secretary of the United States Department of War, et al.,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * *

**ORDER**

This matter is before the Court on the defendants' motion for extension of time to respond to the plaintiffs' civil complaint and motion for summary judgment. ECF No. 89. The motion is fully briefed, and no hearing is necessary to resolve it. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, the motion is granted in part and denied in part.

On June 10, 2026, twenty plaintiff state governments ("Plaintiffs") filed this civil action against the United States, 25 federal departments and agencies, and 28 federal officials (collectively, "Defendants"). ECF No. 1. Plaintiffs' 48-page civil complaint asserts claims for relief under the Administrative Procedure Act arising from issuance of Executive Order No. 14398, actions each defendant department or agency allegedly took to implement the Executive Order, and harms allegedly caused by those actions. *See generally id.* Among other provisions, Executive Order No. 14398 prohibits federal government contractors from engaging in "racially discriminatory DEI [diversity, equity, and inclusion] activities," as that term is defined in the Executive Order. ECF No. 1-1. On July 21, 2026, without advance notice to Defendants, Plaintiffs

filed a motion for summary judgment, ECF No. 87, attaching a 30-page memorandum in support, ECF No. 87-1, and 22 exhibits, mostly declarations, amounting to over 200 pages, ECF Nos. 87-3 through 87-24.

Defendants were served a copy of the complaint on June 17, 2026, but were not made aware of Plaintiffs' summary judgment motion until July 22, 2026. Defendants' deadline to respond to the complaint is August 17, 2026, and its deadline to respond to the summary judgment motion passed yesterday, on August 5, 2026. On July 29, 2026—well in advance of both deadlines—Defendants filed a motion for extension of time to October 16, 2026, to respond to the complaint and the summary judgment motion. ECF No. 89. Plaintiffs filed a response in partial opposition to the motion, agreeing to extend Defendants' time to respond to the summary judgment motion to August 17, 2026—the same date Defendants' response to the complaint is due—but nothing more. ECF No. 90. Defendants filed a reply in support of its motion. ECF No. 93.

Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that a court "may, for good cause, extend the time" in which "an act may or must be done" "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b)(1)(B).

The Court finds good cause to grant Defendants an extension of time to respond to Plaintiffs' complaint and summary judgment motion. Defendants' responses will require, among other things, examination of the facts reflected in Plaintiffs' numerous declarations and other exhibits; consultation with, and collection of information from, approximately two dozen federal departments and agencies; and a decision whether to cross-move for summary judgment. Defendants' counsel must manage the foregoing tasks while balancing and satisfying the competing demands of litigation in many other cases. *See Jahangiri v. Blinken*, Civ. No. DKC 23-

2722, 2024 WL 1656269, at *3 (D. Md. Apr. 17, 2024) (finding good cause for an extension where the government "asserted that they were awaiting information from [the client department]" needed to respond and "that competing demands from counsel's other cases will make it difficult to [respond] on time"). It would be unreasonable to expect Defendants to perform the foregoing tasks and to prepare and file a response to the summary judgment motion by August 17, 2026.

Plaintiffs argue that the actions challenged in their complaint cause Plaintiffs "serious harm" due to "confusion" arising from the Executive Order. ECF No. 90 at 2. In support of this assertion, Plaintiffs provide the declaration from the Division Chief of the Maryland Environment Service ("MES") stating that a federal contractor recently ended a subcontracting relationship with MES and suggesting that this decision was based on discussions the contractor had with the U.S. Environmental Protection Agency about working with subcontractors with DEI policies. *See* ECF No. 90-1. Plaintiffs' speculative averments of harm are inadequate to undermine or rebut Defendants' showing of good cause for an extension beyond August 17, 2026. In any event, the Court intends to address Plaintiffs' motion expeditiously, but Defendants need a reasonable opportunity to oppose the motion—and an August 17th deadline will not provide that reasonable opportunity.

However, the Court does not find good cause to grant the full extension Defendants request. Defendants were served process on June 17, 2026, and have had several weeks to begin preparing a response to the complaint. No explanation is offered as to why more time is necessary for the U.S. Department of Justice to decide which division will be assigned to handle this case. And, even assuming that Plaintiffs' summary judgment motion took Defendants by surprise, the Court expects that the work of gathering information necessary to respond to Plaintiffs' claims is already underway.

The Court finds that good cause supports an extension of time to September 21, 2026, for Defendants to respond to Plaintiffs' complaint and summary judgment motion. This deadline will come 60 days after Plaintiffs served their summary judgment motion on Defendants. That 60-day period should provide sufficient time for Defendants to gather the information they need and to prepare and file their responses through diligent efforts.

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendant's motion for extension of time (ECF No. 89) is GRANTED IN PART and DENIED IN PART;
2. Defendants SHALL FILE a response to Plaintiffs' complaint and a response to Plaintiffs' motion for summary judgment **no later than September 21, 2026.**

It is so ORDERED this 6th day of August, 2026.

/S/
Matthew J. Maddox
United States District Judge